UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT IAPPINI,[1] et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | No. 4:15 CV 695 RWS |
| SILVERLEAF RESORTS, INC., | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This Missouri Merchandising Practices Act (MMPA) class action is before me on defendant Silverleaf Resorts, Inc. (Silverleaf)'s motion to compel arbitrations and dismiss without prejudice, or alternatively to stay the action pending arbitration. Plaintiffs Robert and Lilly Iappini brought suit individually and on behalf of a purported class of consumers who purchased time-share units located in Missouri from Silverleaf after January 1, 2010. Plaintiffs allege that Silverleaf used deceptive and misleading tactics to induce them to purchase time-share units and that they attempted but were unable to timely cancel their time-share purchases because Silverleaf "clogged" their right to cancel by not answering their phones during the contractual cancellation period. Plaintiffs seek damages under the MMPA as well as the rescission of their time-share contracts.

The written contracts between Plaintiffs and Silverleaf include an Arbitration Addendum governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq.. The Arbitration Addendum appears to compel binding arbitration for any disputes arising out of or relating to the

---

[1] This case was originally styled Michael Rose, et al. v. Silverleaf Resorts, Inc., but on July 1, 2015, Plaintiffs filed an amended complaint removing Michael Rose from the case and naming only Robert and Lilly Iappini as plaintiffs. As a result, I have substituted Michael Iappini as the named plaintiff in this case.

contracts or the parties' relationships. The Arbitration Addendum also contains what appears to be a class action waiver, requiring all claims to be arbitrated on an individual basis.

Silverleaf now moves to compel individual arbitration of all of Plaintiffs' claims. Plaintiffs oppose the motion, arguing that 1) the class action waiver is ambiguous, 2) the class action waiver is unenforceable because it is substantively and procedurally unconscionable, and 3) Plaintiff's claims fall under the FAA's savings clause and should not be subject to arbitration. For the reasons that follow, I find that the arbitration agreements are unambiguous, enforceable, and applicable to all of Plaintiffs' claims. As a result, I will compel individual arbitrations and will dismiss this suit *without* prejudice.

## **Legal Standard**

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq., "establishes a liberal federal policy favoring arbitration." Torres v. Simpatico, Inc., 781 F.3d 963, 968 (8th Cir. 2015) (quoting AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1748, 179 L. Ed. 2d 742 (2011)). "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir.2005) (quoting 9 U.S.C. § 4). "[The United States Court of Appeals for the Eighth Circuit] has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute falls within the scope of the arbitration agreement." Id. (emphasis in original); see also Torres, 781 F.3d at 968-69.

An arbitration agreement's scope is interpreted literally, with any doubts resolved in favor of arbitration. MedCam, 414 F.3d at 975. A district court should compel arbitration

"unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. (internal quotations omitted).

"Because 'arbitration is a matter of contract,' whether an arbitration provision is valid is a matter of state contract law, and an arbitration provision may be 'invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" Torres v. Simpatico, Inc., 781 F.3d 963, 968-69 (8th Cir. 2015) (quoting Concepcion, 131 S.Ct. at 1745–46) (internal quotations omitted)). Under Missouri law, "arbitration agreements are tested through a lens of ordinary state-law principles that govern contracts, and consideration is given to whether the arbitration agreement is improper in light of generally applicable contract defenses . . . . such as fraud, duress, or unconscionability." Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 515 (Mo. 2012). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." Torres, 781 F.3d at 968-69 (citing Faber v. Menard, 367 F.3d 1048, 1052 (8th Cir. 2004)). "[N]o state-law rule that is 'an obstacle to the accomplishment of the FAA's objectives' should be applied to invalidate an arbitration agreement." Robinson v. Title Lenders, Inc., 364 S.W.3d at 515 (quoting Concepcion, 131 S.Ct. at 1748).

## Discussion

Plaintiffs do not dispute that their claims falls within the scope of the Arbitration Addendum. Rather, Plaintiffs argue that the class action waiver in the Arbitration Addendum is invalid for unconscionability.

The Arbitration Addendum states, in relevant part:

**Arbitration Disclosure:** By entering into the Contract, you agree in regard to any Claim, as defined in the Arbitration Provision below, either you or we can choose to have that Claim resolved by binding arbitration as set forth in the Arbitration Provision. . . . **IF ARBITRATION IS CHOSEN BY ANYONE WITH RESPECT TO A CLAIM NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE PROCEDURES AND RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMAINTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.**

**Arbitration Provision:**

1. Any claim, dispute or controversy regarding the Contract or our relationship (a "Claim" or "Claims") shall be resolved, upon the election by you or us, by binding arbitration pursuant to this Arbitration Provision. For purposes of this Arbitration Provision, a Claim shall include, but not be limited to, any claim, dispute or controversy of every kind and nature arising from or relating to the Contract or our relationship, promotions or oral or written statements related to the Contract, the Vacation Interest acquired under the Contract, . . . and the validity, enforceability, and scope of this Arbitration Provision and the Contract. This includes claims based on contract, regulatory provisions, tort (including intentional tort), fraud, negligence, statutory provisions, constitutional provisions, common law, equitable principles or other sources of law. . . .

\* \* \*

4. You and we also agree that no Claim shall be arbitrated on a class action, private attorney general or other representative action basis. Further, arbitration can only decide your or our Claim and may not consolidate or join the claims of other persons who may allege similar claims, and the arbitration may award relief only on an individual (non-class, non-representative) basis.

\* \* \*

12. Any questions about whether a Claim is subject to arbitration shall be resolved by interpreting this Arbitration Provision in the broadest way the law will allow it to be enforced . . . .

\* \* \*

**Right to Opt Out:**
**IF YOU DO NOT WISH TO BE BOUND BY THIS ARBITRATION ADDENDUM, YOU MUST NOTIFY SELLER IN WRITING WITHIN 90 DAYS FROM THE EFFECTIVE DATE OF THIS ARBITRATION ADDENDUM . . . .**

A. <u>Ambiguity of the Class Action Waiver</u>

Plaintiffs argue that the class action waiver in the Arbitration Addendum is ambiguous and should be interpreted in their favor. Specifically, Plaintiffs argue that the first sentence of paragraph 4 is ambiguous, which states, "You and we also agree that no Claim shall be arbitrated on a class action, private attorney general or other representative action basis." Despite arguing elsewhere in their brief that the class action waiver "effectively bans" their ability to bring a class action, Plaintiffs contend in the context of this argument that they "interpret this inconspicuously drafted provision to mean that class action litigation is not subject to arbitration."

Contract interpretation is a matter of law. <u>Robbins v. McDonnell Douglas Corp.</u>, 27 S.W.3d 491, 496 (Mo. Ct. App. 2000). In interpreting a contract, a court must not "unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity when none exists." <u>Todd v. Mo. United Sch. Ins. Council</u>, 223 S.W.3d 156, 163 (Mo. 2007). "An ambiguity does not exist merely because the parties dispute the meaning of the contract. Rather, a contract is ambiguous when the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." <u>Robbins v. McDonnell Douglas Corp.</u>, 27 S.W.3d 491, 496 (Mo. Ct. App. 2000) (citing <u>Chehval v. St. John's Mercy Med. Ctr.</u>, 958 S.W.2d 36, 39 (Mo. Ct. App. 1997)). "In determining the intent of the parties to a contract, we review the terms of a contract as a whole, not in isolation." <u>Tuttle v. Muenks</u>, 21 S.W.3d 6, 11 (Mo. Ct. App. 2000).

Applying these principles, and after carefully reviewing the Arbitration Addendum as a whole, I find that the class action waiver is unambiguous. The sentence in paragraph 4 that Plaintiffs quote is not a model of clarity. However, when it is read together with the rest of the paragraph, its meaning is clear. The entirety of paragraph 4 provides:

> "You and we also agree that no Claim shall be arbitrated on a class action, private attorney general or other representative action basis. Further, arbitration can only decide your or our Claim and may not consolidate or join the claims of other persons who may allege similar claims, and the arbitration may award relief only on an individual (non-class, non-representative) basis."

When paragraph 4 is read as a whole, it is apparent that its effect is to waive either party's right to bring a class action once arbitration is elected. It does not, as Plaintiffs contend, exempt class actions from the scope of the arbitration agreement. Additionally, the language in the Arbitration Disclosure, which is conspicuously placed at the beginning of the Addendum, plainly states in bold, capital letters that, if arbitration is elected, "**YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMAINTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.**" This language clearly conveys the message that the parties cannot bring a class action once arbitration is elected, and it resolves any confusion that could be found in paragraph 4.

As a result, I find that, when read as a whole, the Arbitration Addendum unambiguously waives either party's right to bring or participate in a class action once either party has elected to arbitrate that claim.

B. <u>Validity of the Arbitration Addendum</u>

Following the United States Supreme Court's decision in <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740 (2011), and the Missouri Supreme Court's decision in <u>Brewer v. Missouri Title Loans</u>, 364 S.W.3d 486 (Mo.2012), courts in Missouri reviewing for unconscionability must focus on alleged unconscionability occurring at contract formation, i.e., procedural unconscionability. In a recent opinion, the United States Court of Appeals for the Eighth Circuit explained the new standard established by these cases. See <u>Torres v. Simpatico, Inc.</u>, 781 F.3d 963, 968-69 (8th Cir. 2015). As the Eighth Circuit said:

> Missouri courts have traditionally viewed unconscionability in the context of procedural unconscionability, *i.e.,* the formalities of making the contract, and substantive unconscionability, *i.e.,* the terms set forth in the contract. But because Concepcion "dictate[d] a review" limited to "whether state law defenses such as unconscionability impact the *formation* of a contract," the court's analysis would no longer focus on the traditional distinction between procedural and substantive unconscionability and would instead be "limited to a discussion of facts relating to unconscionability impacting the formation of the contract." Brewer v. Missouri Title Loans, 364 S.W.3d 486, 492 n. 3 (Mo.2012) (emphasis in original). The [Brewer] court went on to instruct that in future cases, Missouri courts "shall limit review of the defense of unconscionability to the context of its relevance to contract formation." Id.
>
> Nevertheless, the Brewer court also noted that "the purpose of the unconscionability doctrine is to guard against one-sided contracts, oppression[,] and unfair surprise," which may "occur during the bargaining process" or when a later dispute reveals "the objectively unreasonable terms." Id. at 492–93. Thus, courts may be called upon to "consider whether the terms of an arbitration agreement are unduly harsh," that is, "whether the contract terms are so one-sided as to oppress or unfairly surprise an innocent party or . . . reflect an overall imbalance in the rights and obligations imposed by the contract at issue." Id. at 489 n. 1. In either event, the court reasoned, "it is at formation that a party is required to agree to the objectively unreasonable terms." Id. at 493.

Id.

### 1. Procedural Unconscionability

Plaintiffs briefly argue that the Arbitration Addendum is procedurally unconscionable because 1) the class action waiver is in fine print, 2) Silverleaf used high-pressure sales tactics to induce consumers to sign the contracts, and 3) the sales documents were lengthy and complex.

Plaintiffs provide only minimal support for their procedural unconscionability arguments. In support of their fine print argument, Plaintiffs cite to the class action waiver in paragraph 4 of the Arbitration Addendum. However, a review of the Arbitration Addendum shows that the class action waiver is not in such fine print as to make it unconscionable. The Addendum itself is a separate document that is not hidden on the back of the sales contract or otherwise concealed. While the text of the entire Arbitration Addendum, as provided to the Court, is in a

very small font size, the class action waiver in paragraph 4 is not unusually small, hidden, or concealed compared to the rest of the document. Additionally, the font size and spacing overall does not lead words or lines to blur together or overlap, which could make it more difficult to read. Cf. Woods v. QC Fin. Servs., Inc., 280 S.W.3d 90, 96 (Mo. Ct. App. 2008). Moreover, as discussed above, the class action waiver is also stated in bold capital letters in the Arbitration Disclosure, which is placed conspicuously at the beginning of the Addendum.

Plaintiffs' other arguments for procedural unconscionability, that Silverleaf used high-pressure sales tactics and that the documents Silverleaf had consumers sign were lengthy and complex, are not supported by any evidence at all. Plaintiffs' argument that the documents were lengthy and complex appears to focus on documents other than the Arbitration Addendum, which itself is only three pages long.[2] Nor is it necessarily improper to require consumers to sign multiple and complex contracts when entering into a long-term and potentially expensive contracts. That is especially true where, as here, Plaintiffs have not even suggested that Silverleaf had an improper motive in providing any of the documents for signature, or that the lengthy and complex documents were somehow unnecessary or irrelevant to the time-share unit purchase agreements.

Additionally, Plaintiffs have not demonstrated that Silverleaf used unconscionable high pressure sales tactics. Plaintiffs allege that they were pressured into purchasing the time-share units because Silverleaf aggressively negotiated lower prices every time Plaintiffs tried to leave the sales presentation and because Silverleaf's offers were time-sensitive. However, offering something on a take-it-or-leave-it basis is not, by itself, unconscionable. See Eaton v. CMH Homes, Inc., No. SC 94374, 2015 WL 3387910, at *9 (Mo. May 26, 2015). Additionally,

---

[2] Plaintiff argues that "consumers consistently reviewed and signed extremely complex and lengthy documents, including contracts for sale, RESPA disclosures, TILA disclosures, and warranty deeds under pressure and in a matter of minutes, without sufficient time to read said documents."

contrary to Plaintiffs' assertion that they did not have sufficient time to read the contracts, they acknowledged reviewing and reading the Arbitration Addendum when they signed it and when they signed the Contract for Sale. See [#7, Ex. D-1], at 2, 10.

For all of these reasons, I cannot find that the arbitration agreement is invalid for procedural unconscionability.

2. *Substantive Unconscionability*

Although Brewer provides that unconscionability review should be limited to the contract formation stage, the court proceeded to review substantive terms of the arbitration agreement to determine whether the terms were objectively unreasonable such that "no person 'in his senses and not under delusion would make.'" 364 S.W.3d at 493, 495 (internal citations omitted). Additionally, the Missouri Supreme Court recently instructed that a substantive unconscionability review is still relevant because a contract's terms might illuminate the procedural unconscionability review. See Eaton v. CMH Homes, Inc., No. SC 94374, 2015 WL 3387910, at *4 (Mo. May 26, 2015) ("a court will look at both the procedural and substantive aspects of a contract to determine whether, considered together, they make the agreement or provision in question unconscionable"). As a result, I will also review Plaintiffs arguments that the class action waiver in the Arbitration Agreement is substantively unconscionable such that it suggests unconscionability in the formation of the contract.

Plaintiffs argue that the class action waiver in the Arbitration Addendum is substantively unconscionable because 1) it effectively bans resolution of Plaintiffs' statutory right to elect class action litigation under the MMPA, 2) it is contrary to public policy, and 3) it is one-sided. For the following reasons, Plaintiffs' arguments fail.

9

"Concepcion instructs clearly that a court cannot invalidate an arbitration agreement on the sole basis that it contains a class waiver." Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 514 (Mo. banc 2012) (citing AT&T Mobility, LLC v. Concepcion, 131 S.Ct. 1740 (2010)). As a result, to succeed, Plaintiffs must demonstrate that something other than the mere presence of the class action waiver is unconscionable.

Plaintiffs argue that § 407.025 of the MMPA provides plaintiffs with a statutory right to bring a class action. Plaintiffs contend that enforcement of the class action waiver will defeat this statutory "right." However, the Eighth Circuit has already held that while "[t]he MMPA *allows* for class actions," it "does not suggest that public policy favors class actions or that the wrongs sought to be remedied by the MMPA would continue unabated without the availability of class actions." Cicle v. Chase Bank USA, 583 F.3d 549 (8th Cir. 2009) (emphasis in original). Additionally, even if the MMPA's provision allowing class actions could be interpreted as providing a substantive right, which the Supreme Court has previously rejected,[3] to the extent the MMPA prohibits arbitration, it conflicts with the FAA, and the FAA displaces the MMPA. Concepcion, 131 S. Ct. at 1747. For these same reasons, Plaintiffs' public policy argument, which argues that deprivation of their statutory right to bring a class action under the MMPA violates public policy, likewise fails.[4]

Plaintiffs also argue that prohibiting a class action from being brought under the MMPA will effectively afford Silverleaf immunity because individual arbitration is not economically practical or feasible. However, it is Plaintiffs' burden to establish that "the costs of individual arbitration 'are so high as to make access to the forum impracticable' or to prevent them from

---

[3] State laws allowing class actions to be brought do not create a substantive right to do so. Rather, such laws merely state a procedural rule. See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431 (2010).
[4] See also Concepcion, 131 S. Ct. at 1755 ("[c]ontract defenses unrelated to the making of the agreement—such as public policy—could not be the basis for declining to enforce an arbitration clause") (Thomas, J. concurring).

effectively vindicating their rights in the arbitral forum." Torres v. Simpatico, Inc., 781 F.3d 963, 970 (8th Cir. 2015) (quoting Am. Express Co. v. Italian Colors Rest., 133 S.Ct. 2304, 2310–11 (2013)). To meet this burden, a plaintiff must establish, with "specific evidence," "more than a 'hypothetical inability to pay' the costs of arbitration." Torres, 781 F.3d at 969 (quoting Faber, 367 F.3d at 1053). If this burden is not met, "the district court must honor the arbitration agreement and compel arbitration." Id. at 1054.

Here, Plaintiffs have not met their burden of establishing economic infeasibility. Plaintiffs' own complaint alleges that they suffered over $25,000 in actual damages for the amount of money already paid towards the time-share units, financing and origination costs, additional time-share costs and fees, and attorneys' fees. They also seek punitive damages. Plaintiffs expressly acknowledge that "the totality of the individual damages sought is not miniscule." Additionally, Plaintiffs fail to provide any specific evidence to support the contention that individual arbitration is economically impractical. As a result, Plaintiffs' have failed to establish economic infeasibility. See id. at 1054 (finding that appellants' evidence that average arbitration fees would exceed the amount of a class member's claim and that none of the class members could afford the costs of individual arbitration was insufficient to establish that individual arbitration is cost prohibitive and therefore unconscionable).

Finally, Plaintiffs argue that the class action waiver is one-sided and lacks adequate mutuality to be enforced. "Mutuality of contract means that an obligation rests upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound." Eaton v. CMH Homes, Inc., No. SC 94374, 2015 WL 3387910, at *4 (Mo. May 26, 2015) (quoting Aden v. Dalton, 107 S.W.2d 1070, 1073 (1937)). Plaintiffs argue that there is no mutuality because, under the contract, Silverleaf is not

11

bound to arbitrate all claims and can file suit to collect debts and proceed with judicial foreclosures, while Plaintiffs are prohibited from seeking judicial recourse, including bringing compulsory counterclaims. However, the Supreme Court of Missouri rejected this argument in Eaton v. CHM Homes, Inc., holding that mirror image obligations are not required by the doctrine of mutuality. Rather, the mutuality requirement is met "as long as the contract as a whole meets the consideration requirement." Id. at *5. Here, there is no allegation that the consideration requirement was not met, nor is there any evidence in the record that suggests a lack of consideration in the creation of the contracts. Furthermore, there is a reasonable basis to permit judicial recourse for actions like foreclosures given the unique nature of the remedy and the statutory safeguards provided to the debtors. Moreover, exceptions to the arbitration agreement were also carved out for Plaintiffs. For example, under the agreement, Plaintiffs are entitled to judicial review of claims brought in small claims court as well as claims for personal injury.[5] See [#7, Ex. D-1], at 9, ¶1.

For all of these reasons, I find that Plaintiffs have not demonstrated procedural or substantive unconscionability sufficient to overcome the FAA's policy favoring arbitration or the clear intention of the parties as expressed in the Arbitration Addendum, which requires binding, individual arbitration.

C. Disputes Subject to Arbitration

Having determined that a valid arbitration agreement exists, I must next determine whether Plaintiffs' claims in this suit are of the type contemplated by and covered by the arbitration agreement. Plaintiffs do not dispute that their claims are encompassed by the

---

[5] Not only does Plaintiffs' ability to bring small claims in court weight against finding that the arbitration agreement is one-sided, it also undermines Plaintiffs' argument that the class action waiver effectively immunizes Silverleaf from defending against claims that are not economically feasible when brought on an individual basis since low-value claims may be resolved inexpensively in small claims court.

12

Arbitration Addendum. A review of the agreement also shows that the claims fall within the scope of the arbitration agreement. The Arbitration Addendum states that:

> a Claim shall include, but not be limited to, any claim, dispute or controversy of every kind and nature arising from or relating to the Contract or our relationship, promotions or oral or written statements related to the Contract, the Vacation Interest acquired under the Contract, . . . and the validity, enforceability, and scope of this Arbitration Provision and the Contract. This includes claims based on contract, regulatory provisions, tort (including intentional tort), fraud, negligence, statutory provisions, constitutional provisions, common law, equitable principles or other sources of law. . . .

See [#7, Ex. D-1], at 8.

Plaintiffs have brought two claims in this suit, one for violation of the MMPA, and one for rescission of the contracts. Both of these claims are grounded on allegations that Silverleaf defrauded Plaintiffs or misrepresented material information to induce them to sign the contracts to purchase time-share units. These are claims "arising from or relating to the Contract or [the parties'] relationship, promotions or oral or written statements related to the Contract." As a result, both of Plaintiffs' claims are encompassed by the broad language of the Arbitration Addendum.

### D. The FAA's Savings Clause

Plaintiffs argue that the savings clause of the FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiffs argue that both of their claims, alleging that the contracts systematically violated the MMPA and seeking contract rescission, fall within the savings clause and should not be subject to arbitration.

Plaintiffs misconstrue the savings clause of the FAA. The savings clause does not exempt from arbitration any claim alleging that an underlying agreement was unconscionable, made under duress, or otherwise invalid. Rather, it provides that agreements to arbitrate, while

13

generally enforceable, might not be enforceable if a party can establish that the agreement to arbitrate is invalid based on a contract defense, such as unconscionability. That is the analysis I just conducted when considering whether the Arbitration Agreement was unconscionable. As I concluded that Plaintiffs had failed to establish there was unconscionability in the formation of the contract, or in its substantive terms, Plaintiffs' savings clause argument fails.

E. Dismissal of the Action

Silverleaf asks me to dismiss this action after compelling arbitration. "The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green v. SuperShuttle Intern., Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3). Where there is ambiguity as to whether all contested issues between the parties will be resolved by arbitration, it is an abuse of discretion for the district court to dismiss the action in lieu of staying it pending completion of the arbitration. Id. However, where all the claims against all parties are subject to arbitration, dismissal of the action is proper. See Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157, 158 (8th Cir.1991) (affirming dismissal without prejudice under 9 U.S.C. § 3).

"[A] nonnamed class member is [not] a party to the class-action litigation before the class is certified." Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1349 (2013) (alterations in original) (emphasis omitted). Because I have not certified a class, the only parties are the named plaintiffs and defendant, and there exists no ambiguity as to whether the contested issues between the parties are subject to arbitration. As a result, I will dismiss Plaintiffs' claims without prejudice.[6]

---

[6] Plaintiffs did not address Silverleaf's request that I dismiss rather than stay this action, so presumably Plaintiffs consent to the dismissal of the action.

**Conclusion**

Plaintiffs have failed to establish or support with evidence that the class action waiver is unconscionable or that there are other substantive or procedural reasons to set aside the Arbitration Addendum. The Arbitration Addendum is binding, enforceable, and unambiguous. Additionally, Plaintiffs' claims fall within the scope of the arbitration agreements. As a result, I will grant Silverleaf's motion to compel individual arbitrations and then will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Silverleaf's Motion to Compel Arbitrations and Dismiss Litigation #[7] is **GRANTED**, and Plaintiffs must submit their claims to individual arbitration.

**IT IS FURTHER ORDERED** that Plaintiffs' claims will be dismissed without prejudice. A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2015.